IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**VERNITA JOHNSON**                                                                                       **PLAINTIFF**

v.                                                   NO. 2:06CV00205 BD

**MICHAEL J. ASTRUE,**
**Commissioner, Social**
**Security Administration**[1]                                                                                       **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Vernita Johnson, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Supplemental Security Income, based on disability. Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

---

[1] Michael J. Astrue was sworn in as the Commissioner of Social Security on February 12, 2007. He is therefore substituted for Jo Anne B. Barnhart pursuant to Fed.R.Civ.P. 25(d)(1).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff alleged that she was limited in her ability to work by a fungus on her right hand, fever, red streaks up her right arm and constant infection in her right hand. (Tr. 78) The Commissioner found that she was not disabled within the meaning of the Social Security Act. The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing at which Plaintiff and a vocational expert testified, the Administrative Law Judge[2] ("ALJ") concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through June 22, 2006, the date of his decision. (Tr. 14-15) On September 26, 2006, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 3-5) Plaintiff then filed her complaint initiating this appeal. (Docket entry #2)

After considering the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

---

[2]The Hon. Everet Dail Stiles.

Plaintiff was 40 years old at the time of the hearing. (Tr. 172) She had completed the eighth grade in school. (Tr. 10, 59, 82, 173) She had no past relevant work. (Tr. 10, 14, 185)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i) (2005). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. *Id.* at §§ 404.1520(b); 416.920(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement. *Id.* at § 416.920(a)(4)(ii). If not, benefits are denied. *Id.* A "severe" impairment significantly limits a claimant's ability to perform basic work activities. *Id.* at § 416.920(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment. *Id.*, § 416.920(a)(4)(iii). If so, and the duration requirement is met, benefits are awarded. *Id.*

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made. *Id.*, § 416.920(a)(4). This residual functional capacity assessment is applied at Steps 4 and 5. *Id.*

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work. *Id.*, § 416.920(a)(4)(iv). If so, benefits are denied. *Id.*

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. *Id.*, § 416.920(a)(4)(v). If so, benefits are denied; if not, benefits are awarded. *Id.*

The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 10) He found that Plaintiff had a "severe" impairment, but that she did not have an impairment or combination of impairments that met or equaled a Listing. *Id.* He judged that Plaintiff's subjective allegations were not borne out by the overall record and were not fully credible. (Tr. 14)

The ALJ found that Plaintiff retained the residual functional capacity for light work, but that she had significant limitations in her capacity for gripping, fine dexterity and gross manipulation with her right hand, although she was capable of some pushing and pulling of arm and leg controls. (Tr. 11-12, 14) The ALJ correctly noted that, once Plaintiff was determined to have no past relevant work,[3] the burden shifted to the Commissioner to show a significant number of jobs within the economy that she could perform, given her residual functional capacity, age, education and past work. (Tr. 13) Based on the testimony of a vocational expert witness in response to a hypothetical question, the ALJ found that there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding her limitations, for example, janitor, building cleaner or maid. *Id.* Consequently, the ALJ concluded that Plaintiff was not disabled. (Tr. 14)

Plaintiff argues that the ALJ failed to fully develop the record concerning her depression. (Br. 8-10) Plaintiff did not allege depression as a reason she could not work. (Tr. 78) The fact that she did not allege depression in her application is significant, even if evidence of depression was later developed. *Dunahoo v. Apfel*, 241 F.3d 1033, 1039 (8th Cir. 2001).

---

[3] The ALJ did state that Plaintiff could not return to her past relevant work. (Tr. 14) However, he had previously found that she had no past relevant work. (Tr. 10, 185)

Plaintiff testified to a very active lifestyle. (Tr. 176-77, 184) She was not seeking counseling. (Tr. 183) She was not taking any medication prescribed by a doctor. *Id.* It is also significant that Plaintiff had never sought or been referred for mental health treatment. See *Smith v. Shalala*, 987 F.2d 1371, 1375 (8th Cir. 1993), citing *Johnson v. Bowen*, 866 F.2d 274, 275 (8th Cir. 1989) and *Benskin v. Bowen*, 830 F.2d 878, 884 (8th Cir. 1987).

Plaintiff testified that her depression was intermittent, something that came and went. (Tr. 183) "Some days you got the blues and some days you're all right?" "Right," she replied. *Id.* Plaintiff bears a heavy burden in showing the record has been inadequately developed; she must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007); *Robinson v. Astrue*, 2008 WL 3122034 (E.D. Ark.). Under the circumstances, the record before the ALJ was adequately developed.

Next, Plaintiff contends that the ALJ's Step 5 findings were not based on substantial evidence. She argues that the record was not fully developed so the hypothetical question did not fully address her mental limitations. She contends that the hypothetical was inadequate because it did not describe her hand as an "assistive device only" as a Disability Determination Services doctor did. (Br. 10-11) The Court has already concluded that the record was adequately developed. As to the limitation as described by the Disability Determination Services physician, the ALJ noted his opinion, but came to a different one based on additional medical evidence and testimony. (Tr. 13)

> Administrative law judges are not bound by any findings made by State agency medical or psychological consultants, or other program physicians or psychologists. However, State agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are

> also experts in Social Security disability evaluation. Therefore, administrative law judges must consider findings of State agency medical and psychological consultants or other program physicians or psychologists as opinion evidence, except for the ultimate determination about whether you are disabled.

20 C.F.R. § 416.927(f)(2)(i) (2005); *accord*, Social Security Ruling 96-6p.

Plaintiff's significant activities of daily living detract from the Disability Determination Services physician's conclusion that she could use her right hand only as an assistive device. The ALJ's Step 5 decision was supported by substantial evidence.

Plaintiff also contends that the ALJ should not have discounted her testimony. The ALJ considered Plaintiff's subjective complaints in light of *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), Social Security Ruling 96-7p[4] and 20 C.F.R. § 416.929 (2005). (Tr. 11-13)

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
>   1. the claimant's daily activities;
>
>   2. the duration, frequency and intensity of the pain;
>
>   3. precipitating and aggravating factors;
>
>   4. dosage, effectiveness and side effects of medication;
>
>   5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

---

[4]That Ruling tracks *Polaski* and 20 C.F.R. § 416.929(c)(3) and elaborates on them.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

There is little objective support in the record for Plaintiff's claim of disability. No evaluations showed medical conditions that were disabling. Furthermore, inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints. *Richmond v. Shalala*, 23 F.3d 1141, 1443 (8th Cir. 1994).

Given the inconsistencies in Plaintiff's statements, the lack of medical evidence in support of Plaintiff's allegations, the lack of any medications taken, the lack of more treatment, Plaintiff's daily activities, her poor work record, her functional capabilities and the lack of restriction placed on Plaintiff by any physician, the ALJ could rightly discount Plaintiff's subjective complaints. See, *e.g., Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (ALJ may discount subjective complaints if there are inconsistencies in the record as a whole); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001) (ALJ may discount complaints inconsistent with the evidence as a whole); *Dodson v. Chater*, 101 F.3d 533, 534 (8th Cir. 1996) (after full consideration of all evidence relating to subjective complaints, ALJ may discount complaints if there are inconsistencies in evidence as a whole).

Plaintiff testified as to extensive activities of daily living:

> Q   Now with regard to your daily activities that is what you do in a normal day, say what time do you get up, eat breakfast, dinner or supper, what you do after supper, when you go to bed and how well you sleep at night. Just tell us what you do in a normal 24 hour day of your life.
>
> A   Well I get up, watch TV, cook breakfast, maybe wash clothes, sweep, mop, clean, and walk the dog, wash dishes, watch TV, go to bed.
>
> Q   That pretty well summarizes?
>
> A   Um-hum.

> Q  How many children?
>
> A  Two.
>
> Q  Two children.
>
> A  Um-hum.
>
> Q  All right, they keep you pretty busy?
>
> A  Yes.
>
> Q  All right.  Now about your physical capacities like how long can you sit in a chair?
>
> A  Maybe close to an hour or so, about an hour or so and then I'll be up trying to find something else to do.
>
> Q  All right.  Now sitting, how long can you stand?
>
> A  Probably about an hour and a half because I like to walk.
>
> Q  Um-hum, okay.  Now how long can you walk when you take a walk?
>
> A  Well I might do 2 miles in between hours back and forth.
>
> Q  Okay.  Now can you run or jog?
>
> A  Yeah, I can run and I can jump.
>
> Q  Can you bend over forward and touch your knees?
>
> A  Yes.
>
> Q  Can you move your arms okay?
>
> A  Yes.

(Tr. 176-77)

She also testified that she cooked (although it was hard to peel a potato), vacuumed, mopped and dusted.  (Tr. 184)  On a Disability Supplemental Interview Outline, she indicated that she prepared meals for three hours at a time, including sandwiches, meats, vegetables and desserts; paid bills and counted change; drove, including unfamiliar routes and walked for exercise; attended church, watched television, listened to the radio, read, visited friends and

relatives and went to the movies. (Tr. 85) Plaintiff engaged in extensive daily activities, which is inconsistent with the level of pain and limitation alleged. See *Roberson v. Astrue,* 481 F.3d 1020, 1025 (8th Cir. 2007)(plaintiff cared for eleven-year-old daughter, drove her to school, drove elsewhere, fixed simple meals, did housework, shopped for groceries and had no trouble handling money); *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)(plaintiff performed household chores, mowed the lawn, raked leaves, shopped for groceries and drove a car); *Forte v. Barnhart*, 377 F.3d 892, 896 (8th Cir. 2004)(plaintiff attended college classes and church, shopped for groceries, ran errands, cooked, drove, walked for exercise and visited friends and relatives); *Haley v. Massanari*, 258 F.3d 742, 48 (8th Cir. 2001)(plaintiff took care of personal needs, washed dishes, changed sheets, vacuumed, washed cars, shopped, cooked, paid bills, drove, attended church, watched television, listened to radio, read and visited friends and relatives); *Gray v. Apfel*, 192 F.3d 799, 804 (8th Cir. 1999)(plaintiff cared for himself, did household chores, drove short distance, performed other miscellaneous activities); *Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir. 1999)(plaintiff cooked some meals, watered flowers around house, helped wife paint, watched television, went out for dinner, occasionally drove and occasionally visited with friends); *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)(plaintiff dressed and bathed herself, did some housework, cooking and shopping); *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1995)(daily caring for one child, driving when unable to find ride and sometimes going to grocery); *Nguyen v. Chater*, 75 F.3d 429, 431 (8th Cir. 1995)(visiting neighbors, cooking own meals, doing own laundry and attending church); *Novotny v. Chater*, 72 F.3d 669, 671 (8th Cir. 1995)(carrying out garbage, carrying grocery bags, driving wife to and from work inconsistent with extreme, disabling pain); *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995)(plaintiff cooked breakfast, "sometimes" needed help with household cleaning and other chores, visited friends and relatives and attended church

twice a month); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993)(plaintiff lived alone, drove, shopped for groceries and did housework with some help from neighbor).

In this case, Plaintiff also testified that she worked as a cook at a gas station, but quit, not because she could not do the job, but because the station was robbed. (Tr. 174-75) The ALJ's credibility analysis was proper. He made express credibility findings and gave his reasons for discrediting Plaintiff's subjective complaints. *E.g., Shelton v. Chater*, 87 F.3d 992, 995 (8th Cir. 1996); *Reynolds v. Chater*, 82 F.3d 254, 258 (8th Cir. 1996); *Hall v. Chater*, 62 F.3d 220, 224 (8th Cir. 1995). His credibility findings are entitled to deference as long as they are supported by good reasons and substantial evidence. *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003).

Finally, Plaintiff asks that the case be remanded to consider to a To-Whom-It-May-Concern letter on Plaintiff's behalf by Larry S. Felts, M.D. The letter was not submitted to the Commissioner, but was attached to Plaintiff's Appeal Brief. A Medical Source Statement-Mental was attached to his letter.

The disposition of the request for remand is governed by 42 U.S.C. § 405(g) (1995). In pertinent part, it specifies:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and     that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; . . ..

The letter is dated October 24, 2006. Plaintiff alleged an onset of disability on December 31, 2003. (Tr. 75) The hearing in this case was held February 22, 2006. (Tr. 169) As noted, the ALJ's decision was dated June 22, 2006 (Tr. 15), and the Appeals Council declined to review the ALJ's decision September 26, 2006 (Tr. 3-5).

Plaintiff seeks to introduce evidence that was created after the administrative hearing. The fact that evidence did not exist at the time of the hearing may supply "good cause" for failure to introduce that evidence at that time. *Geigle v. Sullivan*, 961 F.2d 1395, 1397 (8th Cir. 1992); *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991); but see *Smith v. Shalala*, 987 F.2d 1371, 1375 (8th Cir. 1993)(no cause when plaintiff had opportunity to consult additional psychiatrists before administrative record closed, but did not). This is not a case like *Thomas*, where there was a subsequent event, a heart attack. It is more like *Smith*, where the claimant had the opportunity to consult additional physicians before the administrative record closed, but did not do so. The distinction is significant. Good cause is lacking because Plaintiff had the opportunity to obtain this evaluation before the administrative record was closed but failed to do so without providing a sufficient explanation. *Hinchey v. Shalala,* 29 F.3d 428, 433 (8th Cir. 1994); *Sullins v. Shalala*, 25 F.3d 601, 605 n. 6 (8th Cir. 1994), *cert. denied*, 513 U.S. 1076 (1995).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; see also *Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby denies Plaintiff's request for remand, affirms the final determination of the Commissioner and dismisses Plaintiff's complaint with prejudice.

IT IS SO ORDERED this 25th day of February, 2008.

_____
UNITED STATES MAGISTRATE JUDGE